[761 NYS2d 521]

In the Matter of Moses V. Rambarran, a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, June 23, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains, for petitioner.
*Donald J. Schutz*, St. Petersburg, Florida, for respondent.

### OPINION OF THE COURT

Per Curiam.

In his affidavit of resignation, the respondent submits that he is acting voluntarily, free from coercion and duress, and with a full awareness of the implications and consequences of its submission, including that he will be barred by Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement as an attorney for at least seven years.

The respondent acknowledges the existence of a petition and a first supplemental petition previously served upon him. The charges include, inter alia, various breaches of the respondent's fiduciary duty, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (1), (c) (4) and (e) (22 NYCRR 1200.46 [a], [b] [1]; [c] [4]; [e]), as well as three additional charges of professional misconduct based upon a sua sponte complaint initiated against him pursuant to the dishonored check reporting rules (22 NYCRR part 1300). The respondent is further aware of the existence of a second supplemental petition alleging three additional charges of professional misconduct based upon his conviction of a federal felony.

The respondent avers that he failed to administer his escrow account properly and failed to properly safeguard funds which

had been entrusted to him as a fiduciary. He concedes his inability to successfully defend himself on the merits against the majority of charges set forth in the petition and supplemental petition currently pending before the Court..

The respondent acknowledges that he pleaded guilty in the United States District Court for the Southern District of New York to the federal felony of concealing a person from arrest pursuant to 18 USC § 1071. He was fined $5,000 and placed on probation for a term of one year.

The respondent notes that no clients have made monetary claims against him. He is aware, however, that this Court, in an order permitting him to resign, could require him to make monetary restitution to any persons whose money or property he may have misapplied or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the resignation as the most expeditious way to conclude this matter, thereby protecting the public while saving the Court time and expense.

Under the totality of circumstances, the proffered resignation tendered by the respondent, which comports with the requirements of 22 NYCRR 691.9 and all appropriate rules of this Court, is accepted. Effective immediately, Moses V. Rambarran is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. Donald J. Schutz's application to withdraw as respondent's counsel is granted, without opposition.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and KRAUSMAN, JJ., concur.

Ordered that the resignation of Moses V. Rambarran is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Moses V. Rambarran is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Moses V. Rambarran shall continue to comply with the rules of this Court governing the conduct of disbarred, suspended, and resigned attorneys (Rules of App Div, 2d Dept [22 NYCRR] § 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Moses V. Rambarran is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion by Donald J. Schutz to withdraw as respondent's counsel is granted, without opposition.